UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHLAVA PAVLOVICH CHIGIRINSKIY,          :

                      Plaintiff,          :          MEMORANDUM OPINION

      -v.-          :
                                                       14 Civ. 4410 (JPO) (GWG)
TATIANA ROMANOVA PANCHENKOVA, et al.:

                      Defendants.          :
----------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       In its order of April 13, 2017 (Docket # 181), the Court directed the parties to submit sworn statements regarding their citizenship to confirm that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, the federal diversity statute. The parties filed these statements on May 3, 2017.[1] Under 28 U.S.C. § 1332(a)(2), diversity jurisdiction exists between

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

       As discussed in the April 13 order, the Court required information to establish the domicile of the defendants, which is used to determine "citizenship" under section 1332. See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."). "Domicile" is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. at 42 (citation and internal quotation marks omitted). Up until this point, defendants had only made statements regarding their "residence," which is relevant only to the extent it assists in establishing domicile. See Avant Capital Partners, LLC v. W108 Dev. LLC, 2016 WL 3660756, at *1 (S.D.N.Y. June 30, 2016); see also Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (effecting a change in domicile requires residence in a new domicile and the intention to remain there indefinitely) (citing Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 383 (1904)).

---

[1] See Declaration of Shalva Chigirinskiy, filed May 3, 2017 (Docket # 188) ("Chigirinskiy Decl."); Declaration of Defendant Tatiana Romanovna Panchenkova, filed May 3, 2017 (Docket # 189) ("Panchenkova Decl."); Affidavit of Defendant Aleksander Smukler, filed May 3, 2017 (Docket # 192) ("Smukler Aff.").

The Court also required information regarding the parties' immigration status because federal diversity jurisdiction does not exist between citizens of a State and "citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2); accord Smith v. Sorkin, 2013 WL 5718485, at *1 (S.D.N.Y. Oct. 17, 2013). Before the Court issued its order, the plaintiff had alleged that he was a citizen of Russia and Israel who resided in Connecticut and Israel, but had not clarified his immigration status. Second Amended Complaint, filed Feb. 1, 2016 (Docket # 126) ¶ 9.

The parties' sworn statements reflect the following regarding the parties' citizenship, immigration status, and domicile at the time of the filing of the complaint on June 18, 2014:

- Plaintiff is a citizen of Russia and Israel. Chigirinskiy Decl ¶ 4. His principal residence in the United States until March 2015 was in New York, New York. Id. ¶ 5. At the time the case was removed to federal court in June 2014, plaintiff held an O1 visa. Id. ¶¶ 3-4. He did not become a lawful permanent resident of the United States until March 2016. Id. ¶ 4.

- Defendant Panchenkova became a citizen of the United States on December 19, 2013. Panchenkova Decl. ¶ 4. She has resided in Greenwich, Connecticut since August 2009, and purchased property there in July 2011. Id. ¶ 5. At the time she removed the case to federal court, Panchenkova "lived in Connecticut permanently and intended to continue living there permanently." Id. ¶ 7.

- Defendant Smukler became a U.S. citizen in 1997 and is a citizen of the Untied States and Russia. Smukler Aff. ¶ 2. He was domiciled in New Jersey at the time the case was removed to federal court, and his sole place of residence since 1999 has been Montclair, New Jersey. Id. ¶¶ 3-4.

Thus, at the time of the filing of the complaint, defendant Panchenkova was a citizen of the United States and the state of Connecticut. Plaintiff was a citizen of Russia and Israel — "foreign states" under section 1332 — and was not lawfully admitted for permanent residence. Thus, the requirements of section 1332(a)(2) are met as between plaintiff and Panchenkova. At the time defendant Smukler was named as a defendant in the case, on February 1, 2016, he was a citizen of the United States and the state of New Jersey and thus was also diverse as to plaintiff.

Smukler's additional Russian citizenship does not defeat diversity because "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (citation and internal quotation marks omitted), abrogated on other grounds as recognized by Day Spring Enters., Inc. v. LMC Intern., Inc., 2004 WL 2191568 (W.D.N.Y. Sept. 24, 2004); accord Feiliks Int'l Logistics H.K. Ltd. v. Feiliks Glob. Logistics Corp., 2017 WL 1207563, at *2 (2d Cir. Apr. 3, 2017). That plaintiff became a lawful permanent resident after the suit's removal also does not affect subject matter jurisdiction because the requirements of section 1332 are analyzed as of the time of the filing of the complaint. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991);

OneWest Bank, N.A. v. Melina, 827 F.3d 214, 218 (2d Cir. 2016).[2]

Because the amount in controversy is over $75,000, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(2).

Dated: May 18, 2017
      New York, New York

                                       GABRIEL W. GORENSTEIN
                                       United States Magistrate Judge

---

[2] Panchenkova's declaration contends that "on information and belief, as of June 18, 2014," plaintiff held a U.S. tourist visa and was renting a house in Connecticut. Panchenkova Decl. ¶ 8. Even if it were true that plaintiff was renting a house in Connecticut, it would not affect diversity jurisdiction because, as the citizen of a foreign state, plaintiff's domicile or residency in a particular state is not relevant unless he was a lawful permanent resident of the United States. See, e.g., Garcia v. Grobman, 2014 WL 1224398, at *1 (S.D.N.Y. Mar. 21, 2014); Mejia v. Barile, 485 F. Supp. 2d 364, 366-67 (S.D.N.Y. 2007) (citing cases).