# MEMO ENDORSED

Re: Letter dated January 22, 2018

Chigirinskiy v. Panchenkova
14-cv-04410-GWG

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/18
```

With regard to the attached letter, the Court accepts that the Settlement Agreement need not be publicly filed at this time because it does not "directly affect an adjudication." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006); see, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012) ("in many—if not most—cases, a settlement agreement would not qualify as a "judicial document"). Additionally, whatever presumption of access exists is weak, Gambale v. Deutsche Bank AG, 377 F.3d 133, 143 (2d Cir. 2004), and is overcome by the parties' interest in keeping their settlement confidential.

The calculus will dramatically change, however, in the event a motion to enforce the Settlement Agreement is filed, because any such motion would call upon the Court to make an adjudication based on the terms of the Settlement Agreement. Thus, the parties will be required to make a heightened showing under Lugosch to overcome the presumption of public access. It seems obvious that such a showing could not be made as to the entirety of the papers filed in support of or in opposition to any motion to enforce. And it seems unlikely that the showing could be made even as to some portion of such a motion. Nonetheless, the parties are free to make such a motion to seal at the time they file their papers if they believe they can meet the stringent demands of Lugosch and its progeny. The motion to seal should cite case law and provide any factual explanation that justifies the proposed sealing. It should be made separately from the motion to enforce.

If the parties file a motion to enforce the Settlement Agreement and also file a motion to seal any portion of that motion, they may file on ECF redacted versions of those papers. They should redact in the motion to enforce only those portions that are addressed in the motion to seal. (The parties may also file redacted versions of the motion to seal that redacts material that a party believes is properly sealed.) Unredacted courtesy copies of all motion papers shall be sent to Chambers.

The parties should follow paragraph 2.B of the Court's Individual Practices as to the briefing schedule on any motion to enforce. If the parties prefer to resolve any dispute by means of a settlement conference, they may request one by letter.

SO ORDERED: DATE 1/24/18

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

Jeffrey M. Eilender
Partner

**SCHLAM STONE & DOLAN LLP**

212 612-1212
jeilender@schlamstone.com

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

January 22, 2018

<u>BY ECF AND FEDERAL EXPRESS</u>
Magistrate Judge Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom: 6B
New York, New York 10007-1312

Re:   <u>Chigirinskiy v. Panchenkova</u>, 14 Civ. 4410 (JPO)(GWG)

Dear Judge Gorenstein:

We represent Defendant Tatiana Panchenkova ("Tatiana") and write to advise the Court that the parties have signed a settlement agreement with a carve-out clause (proposed by the Court at the January 12, 2018 conference) preserving this Court's jurisdiction to resolve the remaining limited dispute concerning the Russian proceedings. Enclosed is a Stipulation of Dismissal with Prejudice, fully executed and e-filed pursuant to the settlement agreement, Section 4 of which expressly provides (also as per the Court's instruction at the January 12, 2018 conference) that this Court shall retain jurisdiction to enforce the settlement agreement and resolve any related disputes.

The parties have agreed that the remaining dispute will be resolved by motion to this Court, and have agreed to the following briefing schedule: (a) Tatiana will file the motion by February 15, 2018; (b) Plaintiff will file opposition papers by March 19, 2018; and (c) Tatiana will file reply papers by April 10, 2018. To preserve confidentiality of the settlement terms pursuant to the confidentiality provision of the settlement agreement, unless the Court instructs us to follow a more formal sealing process, we will follow the same procedure with the motion papers that we did with the recent letters concerning the settlement, *i.e.* e-file only the title page of each document, while the remainder of the document and any exhibits would be delivered to the Court in hard copy only, and to opposing counsel by email.

We highly appreciate the Court's assistance and consideration of this matter.

Respectfully submitted,

Jeffrey M. Eilender

Cc: All Counsel by ECF